DOUGLAS M. NEISTAT, ESQ. (State Bar No. 055961)
dneistat@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Proposed Attorneys for
JACKSON CORPORATION, Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JACKSON CORPORATION, a California corporation,<br><br><br>Debtor and Debtor in Possession. | Case No.: LA 09-bk-10594-VZ<br><br>(Chapter 11)<br><br>**EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD LASKI AND DOUGLAS M. NEISTAT IN SUPPORT THEREOF**<br><br>DATE:  [Hearing to be Set]<br>TIME:  [Hearing to be Set]<br>CTRM: 1368 |

TO THE CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, THOSE PARTIES ASSERTING SECURED CLAIMS, THOSE PARTIES REQUESTING SPECIAL NOTICE AND THE OFFICE OF THE UNITED STATES TRUSTEE:

PLEASE TAKE NOTICE that an emergency hearing will be held before the HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, in Courtroom 1368 of the above entitled Court located at 255 East Temple Street, Los Angeles, California 90012, to consider the Emergency Motion of Jackson Corporation (the "Debtor" or "Jackson") for an order authorizing the Debtor, to (1) pay pre-petition accrued employee wages for the period January 1, 2009 through January 10, 2009 (No employees worked and no wages were accrued on January 11, 1009) and (2) honor the Debtor's employment policies, including vacation policies and payment of vacation salary,

1

1 in the ordinary course of the Debtor's business. Debtor has spoken with and obtained the consent of
2 its secured creditor, First Federal Bank of California ("Bank") to pay the post-petition payroll.

3     This Motion is brought on an emergency basis pursuant to Local Bankruptcy Rule 9075-1,
4 based on the Debtor's immediate, critical business need to pay pre-petition wages and to maintain
5 the employees' accrued vacation to induce employees to remain in the Debtor's employ.
6 Accordingly, pursuant to Local Bankruptcy Rule 9075-1, the Court may schedule a hearing on this
7 Motion within forty-eight (48) hours of the filing of this Motion.

8     This Motion is based on the supporting Memorandum of Points and Authorities, the
9 appended Declaration of Richard Laski (the "Laski Declaration") and any exhibits attached thereto,
10 the statements, arguments and representations of counsel who appear at the hearing on the Motion,
11 11 U.S.C. § 105(a) 363 and 507(a)(3), any other evidence properly before the Court prior to or at the
12 hearing on the Motion and all matters of which this Court may properly take judicial notice.

13     Debtor's counsel will give notice of the hearing on this Motion to (i) creditors asserting
14 secured claims, (ii) creditors holding the twenty largest unsecured claims against this bankruptcy
15 estate, (iii) the office of the United States Trustee and (iv) all parties requesting special notice by
16 facsimile, telephone or overnight mail, as soon as the Court notifies the Debtor's counsel of the time
17 and date of the hearing. In addition, the Debtor has served this Motion on the foregoing parties by
18 hand delivery, e-mail, facsimile or overnight mail.

19     PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9075-1, any
20 party in interest intending to oppose the relief sought in this Motion must attend the scheduled
21 hearing and raise such objection. Failure to appear at the scheduled hearing may constitute consent
22 to the relief requested herein.

23     WHEREFORE, the Debtor respectfully requests that the Court (i) authorize the Debtor to pay
24 pre-petition accrued wages, salaries or other compensation, (ii) authorizing the Debtor to pay post-
25 petition payroll, (iii) authorize the Debtor to honor its employment policies, including vacation
26 policies and payment of vacation salary, in the ordinary course of the Debtor's business, (iv)
27 authorize the Debtor to pay all payroll-related taxes and processing costs, (v) find that notice of this
28 ///

124550.1 300795.0002

1  Motion is appropriate under the circumstances and (vi) grant such other and further relief as the
2  Court deems just and proper.
3  DATED: January 13, 2009                     Respectfully submitted,
4                                              GREENBERG & BASS LLP
5
6                                              By: _____
7                                                  DOUGLAS M. NEISTAT
                                                   Attorneys for JACKSON CORPORATION,
8                                                  Debtor and Debtor in Possession

124550.1  300795.0002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor is a California corporation and a manufacturer of high quality door hardware for the aluminum and tempered glass door industry.

Through this Motion, the Debtor seeks authority to (i) pay and honor pre-petition employment related obligations and (ii) pay current post-petition payroll. No insiders will be paid unless and until proper Notices of Setting Insider Compensation are served in accordance with Local Bankruptcy Rule.

As is set forth below and in the attached declaration, adequate staffing of the Debtor's business is absolutely essential to the Debtor's ability to operate its business without substantial disruption. Due to the timing of the commencement of these cases, certain payroll obligations accrued, but were unpaid, prior to the filing of this case.

If the Debtor is not permitted to meet all payroll-related obligations, the Debtor will suffer unmanageable turnover to the detriment of all creditors. Accordingly, for the reasons set forth more fully below, the Debtor respectfully requests that the Court grant the Motion.

## II.

## STATEMENT OF FACTS

Debtor filed its voluntary petition (the "Petition") under chapter 11 of the Bankruptcy Code on January 12, 2009 (the "Petition Date").

Since the Petition Date, the Debtor has operated its business as a debtor in possession pursuant to § 1107 and 1108 of the Bankruptcy Code.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

For over 50 years, the Debtor has manufactured the highest quality door hardware for the aluminum and tempered glass door industry. Its transom closer, which was originally developed and patented over 35 years ago, has been the leader in the industry and is imitated by other manufacturers worldwide. Jackson's panic exit hardware is universally recognized as the standard

4



for the aluminum storefront market. In 1995, Jackson became the first US hardware manufacturers to be certified to ISO 9001 quality standards.

As of the Petition Date, Debtor employs 41 individuals (plus insiders David Brown and Helena Brown[1]) who perform services for the Debtor. The Debtor's workforce includes hourly and salary employees.

The Debtor pays its employees every week. Each check represents payment for the previous week. The Petition was filed on Monday, January 12, 2009.

The Debtor seeks authority to pay all pre-petition compensation for the period January 1, 2009 through January 10, 2009 ("Pre-Petition Compensation"). No employees worked on January 11, 1009.

The Debtor estimates that the Pre-Petition Compensation equals $32,280.21.

Attached hereto as Exhibit "A" and incorporated herein by this reference is a weekly payroll summary showing each employee, their rate and the wages due.

The Debtor must be allowed to pay the Pre-Petition Compensation in the regular course of business. If there is any interruption in the Debtor's compensation of its employees for work performed, the employees may suffer extreme personal hardship and, in many cases be unable to meet their living expenses. The inevitable consequence would be employee turnover and defections and loss of goodwill and employee morale. These factors would most certainly have an adverse affect upon the Debtor's operations. At this critical early stage in this case, the Debtor cannot risk the possible disruption to its business operations.

The Debtor expects to have available cash to pay the requested Pre-Petition Compensation (See the Laski Declaration).

Finally, no employee will be receiving compensation exceeding the sum of the $4,650.00 allowable as a priority claim under 11 U.S.C. § 507(a)(3) or (a)(4) of the Bankruptcy Code.

---

[1] David Brown and Helena Brown's compensation is subject to the filing of a Notice of Setting Insider Compensation. No compensation will be paid to David Brown and Helena Brown without a proper Notice of Setting Insider Compensation being filed and served.

## III.

## THIS COURT HAS THE AUTHORITY PURSUANT TO § 105(A) OF THE BANKRUPTCY CODE TO GRANT THE RELIEF REQUESTED HEREIN.

Pursuant to Bankruptcy Code § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The basic purpose of § 105(a) is "to enable the court to do whatever is necessary to aid in their jurisdiction, in anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy & 105.2 at 105-4 (15 ed. 2001). Essentially, § 105(a) codifies the bankruptcy court's inherent equitable powers. See, In re Feit & Drexler, Inc., 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have exercised their equitable power under § 105(a) to authorize debtor to pay pre-petition claims of particular creditors. In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989). Courts have labeled this power the "Necessity of Payment Doctrine". The "Necessity of Payment Doctrine" empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations. Id. at 175-76, citing Miltenberger v. Logansport, C.& S. W. R. Co., 106 U.S. 286 (1882):

> The "necessity of payment" doctrine permits immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid.

Ionosphere Clubs, 98 B.R. at 176, quoting, In re Leigh and New England Railway Company, 657 F.2d 570, 581 (3rd Cir. 1981). This doctrine applies in all chapter 11 cases because the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the debtor...is...a paramount goal of chapter 11. Ionosphere Clubs, 98 B.R. 176, citing Dudley v. Mealey, 147 F.2d 268 (2nd Cir. 1945), cert. den'd, 325 U.S. 873 (1945). Therefore, where continued operation and rehabilitation of a debtor requires payment of pre-petition wages, the court may authorize such payment under § 105(a) of the Bankruptcy Code.

Where business exigencies require, the courts have recognized the ability of Debtor, and authorized a Debtor to pay the pre-petition claims of particular creditors. In In re James A. Phillips, Inc., 29 Bankr. 391, 394 (S.D.N.Y. 1983) the District Court recognized the "special status" of

124550.1 300795.0002

suppliers holding unstayed lien rights, and authorized the Debtor to pay their claims in the ordinary course of its business activities. In re Dave Noakp, Inc., 45 Bankr. 555 (Bankr. D. Vt. 1983) (rejecting a challenge under Section 549 to post-petition payments made to creditor holding lien rights under local law). Similarly, one former bankruptcy judge has recognized that when "confronted with special circumstances…particularly in the early stages of a case, a court may preserve the potential for rehabilitation." Ordin Finality of Order of Bankruptcy Court, 54 Am. Bankr. L.J. 173 (1980).

Finally, in In re Gulf Air, Inc., 112 B.R. 152(Bankr. W.D.La. 1989), the Court noted that cases decided both under the Bankruptcy Act and the Bankruptcy Code endorsed the Necessity of Payment Doctrine so long as, absent such payment, "there is a risk that the services of key employees will be lost to the debtor and without such employees, the ability of the debtor to reorganize will be impaired." Id.

As set forth in the Laski Declaration, the Debtor believes that the Employees may resign if they are not paid the Pre-Petition Compensation in full, and in a timely fashion. The current employees must be retained in order to ensure continued business operations, especially in the early stages of this reorganization case. These employees are familiar with the Debtor's operations and are essential to a successful reorganization. Therefore, the failure to pay them for pre-petition services will likely result in severe disruptions to the operation of the Debtor's business, to the detriment of the creditors of the Debtor's estates.

Additionally, the payment of the pre-petition compensation is justified because such wages and benefits are granted priority payment under the Bankruptcy Code. Under Bankruptcy Code § 507(a)(3) each employee may be granted a priority claim for:

> Third, allowed unsecured claims, but only to the extent of $4,650 for each individual or corporation, as the case may be, earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale

124550.1 300795.0002

Case 2:09-bk-10594-VZ    Doc 4    Filed 01/14/09    Entered 01/14/09 16:43:46    Desc
Main Document    Page 8 of 17

of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

11 U.S.C. § 507(a)(3).

Inasmuch as the Pre-petition Compensation for which the Debtor seeks authority to pay was earned within 90 days of the commencement of the Debtor's bankruptcy case, employees' claims for payment of such compensation are entitled to priority pursuant to § 507(a)(3).

Debtor's request for authority to pay the pre-petition claims now therefore merely constitutes a request to accelerate payment in order to avoid the devastation of employee morale and the operation of Debtor's business. Given the inevitability that Debtor would ultimately satisfy the vast majority of these employee claims in any event, there can be no material harm to other creditors by permitting the payments to be made now under the Necessity of Payment Doctrine.

## IV.

## BANK HAS CONSENTED TO DEBTOR'S USE OF CASH COLLATERAL TO PAY THE POST-PETITION COMPENSATION

11 U.S.C. § 363 states:

> "(a) In this section, 'cash collateral' means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other then the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in § 552(b) of this title, whether existing before or after the commencement of a case under this title."

> Section 363(c) of the Bankruptcy Code provides in relevant part:
> "(1) If the business of the debtor is authorized to be operated under " 721, 1108, or 1304 of this title and unless the court orders otherwise, the trustee…may use property of the estate in the ordinary course of business without notice or a hearing."

> "(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless (A) each entity that has an interest in such cash collateral consents, or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

124550.1 300795.0002

Bank is a secured creditor of the Debtor and asserts an interest in Debtor's cash collateral, as defined in 11 U.C.C. § 363(a). Bank and the Debtor have spoken regarding Debtor's use of cash collateral and are negotiating a cash collateral stipulation to be filed forthwith.

## V.

## NOTICE OF THIS EMERGENCY MOTION IS APPROPRIATE UNDER THE CIRCUMSTANCES.

Section 102(1)(A) of the Bankruptcy Code provides in pertinent part: "(1) 'after notice and a hearing'...means after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). The Debtor believes that under § 102(1)(A) of the Bankruptcy Code, in light of the need for immediate approval of the Emergency Motion, it would be appropriate to limit notice of this Emergency Motion to all secured creditors, the creditors holding the twenty largest unsecured claims against the Debtor's estate, the Office of the United States Trustee, and all parties who have requested special notice. The Debtor believes that notice to the parties constitutes appropriate notice under the circumstances.

## VI.

## CONCLUSION

To maintain the continuity and to preserve the morale of employees, the Debtor must be permitted to pay Pre-petition Compensation and Post-Petition Compensation and to honor its personnel policies in the ordinary course of its business. Approval of the payments sought herein will avoid hardship to the Debtor's employees and maintain the viability of the Debtor's business. For the foregoing reasons, the Debtor respectfully requests that this Court grant the relief requested herein.

DATED: January 14, 2009

Respectfully submitted,

GREENBERG & BASS LLP

By: _____
DOUGLAS M. NEISTAT
Attorneys for JACKSON CORPORATION,
Debtor and Debtor in Possession

124550.1  300795.0002

# DECLARATION OF RICHARD LASKI

I, RICHARD LASKI, declare as follows:

1. I am the Interim CEO of Jackson Corporation, a California Corporation, the Debtor and Debtor-In-Possession herein ("Debtor" or "Jackson").

2. I am familiar with the facts set forth herein and if called as a witness I could and would competently testify thereto. I have reviewed the foregoing emergency motion and each of the facts stated therein are true and correct to the best of my knowledge.

3. As Interim CEO, my duties include overseeing all aspects of the company's operations.

4. As of the date of the commencement of this case, the Debtor was indebted to the employees listed in Exhibit "A" hereto for "gross" wages which were earned as of the commencement of this case in the aggregate amount of $33,280.21 for the period January 4, 2009 through January 10, 2009 (No employees worked and no wages were accrued on January 11, 1009).

5. For over 50 years, the Debtor has manufactured the highest quality door hardware for the aluminum and tempered glass door industry. Its transom closer, which was originally developed and patented over 35 years ago, has been the leader in the industry and is imitated by other manufacturers worldwide. Jackson's panic exit hardware is universally recognized as the standard for the aluminum storefront market. In 1995, Jackson became the first US hardware manufacturers to be certified to ISO 9001 quality standards.

6. As of the Petition Date, Debtor employs 41 individuals (plus insiders David Brown and Helena Brown[2]) who perform services for the Debtor. The Debtor's workforce includes hourly and salary employees.

7. The Debtor pays its employees every week. Each check represents payment for the previous week. The Petition was filed on Monday, January 12, 2009.

---

[2] David Brown and Helena Brown's compensation is subject to the filing of a Notice of Setting Insider Compensation. No compensation will be paid to David Brown and Helena Brown without a proper Notice of Setting Insider Compensation being filed and served

1

124550.1 300795.0002

8. The Debtor seeks authority to pay all pre-petition compensation for the period January 1, 2009 through January 10, 2009 ("Pre-Petition Compensation"). No employees worked on January 11, 1009.

9. The Debtor estimates that the Pre-Petition Compensation equals $32,387.80.

10. Attached hereto as Exhibit "A" and incorporated herein by this reference is a weekly payroll summary showing each employee, their rate and the wages due.

11. I believe that the employees may resign if they are not paid their pre-petition and post-petition wages in full, and in a timely fashion.

12. The current employees must be retained in order to ensure continued business operations, especially in the early stages of this case.

13. These employees are familiar with the Debtor's operations and are essential to a successful reorganization. Therefore, the failure to pay them for pre-petition services will likely result in severe disruptions to the operation of the Debtor's business, to the detriment of the creditors of the Debtor's estates.

14. The Debtor has sufficient funds in its bank accounts to pay the Pre-petition Compensation.

15. Finally, no employee will be receiving compensation exceeding the sum of the $4,650 allowable as a priority claim under 11 U.S.C. ' 507(a)(3) of the Bankruptcy Code.

16. As of the filing of the Petition, the Debtor had only one secured creditor, First Federal Bank of California ("Bank") with a security interest in the funds needed to cover payroll. I understand that Bank has consented to Debtor paying the Pre-Petition Compensation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on January 14, 2009.

RICHARD LASKI

124550.1 300795.0002

2

## DECLARATION OF DOUGLAS M. NEISTAT

I, DOUGLAS M. NEISTAT, declare as follows:

1. I am an attorney at law licensed to practice before all of the Courts of the State of California and the United State Bankruptcy Court, Central District of California.

2. I make this declaration of my own personal knowledge and if called to testify, could and would competently testify thereto.

3. The Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 12, 2009 (the "Petition").

4. Both prior to and since the filing of the Petition, I have had regular conversations with counsel for First Federal Bank of California regarding the use of cash collateral and entering into a Stipulation regarding the Debtor's use of cash collateral.. Bank and the Debtor are negotiating a cash collateral stipulation to be filed forthwith

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on January 14, 2009.



DOUGLAS M. NEISTAT

124550.1  300795.0002

1

# EXHIBIT A

Weekly Payroll Summary Pay Period 1/4/09 to 1/10/09

|    | EMPLOYEE | Position | Start Date | Days per week | Pay Rate | Wk.. Budget | |
|----|----------|----------|------------|---------------|----------|-------------|---|
|    | **Executive (Key Employees)** | | | | | | |
| 1  | CASTRO, GEORGE | Engineering Manager | 11/07/94 | 4 | Salary | $ 1,030.08 | |
| 2  | RIVERA, ROBERT | V.P. General Manager | 01/05/98 | 5 | Salary | $ 3,317.20 | |
| 3  | CHANDRA, YAHYA | Controller | 03/03/08 | 5 | Salary | $ 2,326.40 | |
| 4  | WARD, ROBERT | V.P Sales | 01/02/03 | 4 | Salary | $ 1,634.88 | $ 8,308.56 |
|    | **Sales & Administration** | | | | | | |
| 5  | MARASCO, KAREN | Accounting staff | 03/22/99 | 5 | $ 20.00 | $ 800.00 | |
| 6  | VILLALPANDO, HILDA | Accounting staff | 04/01/96 | 5 | $ 20.15 | $ 806.00 | |
| 7  | MCCORD, RANDY | Eng. staff | 01/30/84 | 3 | $ 21.12 | $ 675.84 | |
| 8  | CALDERON, NELSON | Mfg. staff | 06/17/96 | 5 | $ 20.79 | $ 831.60 | |
| 9  | FUENTES, JUANIE | Mfg. staff | 10/20/88 | 4 | $ 18.74 | $ 599.68 | |
| 10 | MACIEL, TONY | Mfg. staff | 06/04/90 | 4 | $ 22.13 | $ 708.16 | |
| 11 | RAMIREZ, DANIEL | Mfg. staff | 10/28/92 | 5 | $ 23.28 | $ 931.20 | |
| 12 | RODRIGUEZ, SAUL | Mfg. staff | 08/10/87 | 5 | $ 22.61 | $ 904.40 | |
| 13 | TUCKER, WILL | Mfg. staff | 02/11/72 | 4 | $ 22.23 | $ 711.36 | |
| 14 | MIRAMONTES, JOSE | Q.A. Staff | 07/05/78 | 5 | $ 24.35 | $ 974.00 | |
| 15 | MCGARITY, LARRY | Sales staff | 03/12/07 | 3 | $ 24.60 | $ 590.40 | |
| 16 | POLLOCK, JOE | Sales staff | 04/23/07 | 3 | $ 15.36 | $ 368.64 | |
| 17 | TOLEDO, GEORGE | Eng. staff | 04/22/85 | 3 | $ 40.79 | $ 978.96 | |
| 18 | BUNKER, TERRY | Sales staff | 06/15/98 | 3 | $ 27.32 | $ 655.68 | $ 10,535.92 |
|    | **CNC Machinists - Union** | | | | | | |
| 19 | LOPEZ, REFUGIO | CNC | 06/11/99 | 5 | $ 13.77 | $ 550.80 | |
| 20 | ALFARO, VICTOR | CNC | 03/02/99 | 5 | $ 13.55 | $ 542.00 | |
| 21 | MENDOZA, RAFAEL | CNC | 05/01/78 | 5 | $ 15.07 | $ 602.80 | |
| 22 | MAGANA, FRANCISCO | CNC | 01/27/77 | 5 | $ 14.07 | $ 562.80 | |
| 23 | CORTEZ, MANUEL | CNC | 05/13/96 | 5 | $ 13.25 | $ 530.00 | |
| 24 | VILLALTA, JOSE M | Machine shop | 09/08/82 | 5 | $ 12.48 | $ 499.20 | |
| 25 | SANTOS, SERGIO | Machine shop | 01/09/80 | 5 | $ 14.07 | $ 562.80 | |
| 26 | COMPARAN, JUAN | Tooling | 08/12/85 | 5 | $ 18.58 | $ 594.56 | |
|    | **Closer Assembly - Union** | | | | | | |
| 27 | DIAZ, JOSE | Closer | 03/09/98 | 5 | $ 12.45 | $ 498.00 | |
| 28 | VILLALTA, JORGE | Closer | 02/20/81 | 5 | $ 12.48 | $ 499.20 | |
| 29 | CASTRO, JOSE | Closer | 03/24/98 | 5 | $ 12.48 | $ 499.20 | |
| 30 | RAMIREZ, ANTONIO | Closer | 03/08/99 | 5 | $ 12.45 | $ 498.00 | |
| 31 | SANABRIA, JUAN | Closer | 07/22/81 | 5 | $ 12.48 | $ 499.20 | |
| 32 | FEDERICO, JOSE | Closer | 12/12/07 | 5 | $ 9.57 | $ 382.80 | |
|    | **Panic Assembly - Union** | | | | | | |
| 33 | FIGUEROA, ROBERTO | Panic | 03/03/86 | 5 | $ 12.32 | $ 492.80 | |
| 34 | VALDEZ, OSCAR | Panic | 08/28/92 | 5 | $ 12.35 | $ 494.00 | |
| 35 | VILLALTA, JOSE C | Panic | 11/18/96 | 5 | $ 12.35 | $ 494.00 | |
| 36 | BENITEZ, JOSE | Panic | 03/13/85 | 5 | $ 12.62 | $ 504.80 | |
| 37 | QUESADA, BEN | Panic | 03/18/81 | 5 | $ 14.17 | $ 566.80 | |
| 38 | NUEVA, JOSE | Panic | 06/10/96 | 5 | $ 12.45 | $ 498.00 | |
|    | **Shipping - Union** | | | | | | |
| 39 | MARTINEZ, ALMA | Shipping/ Rec. | 09/15/99 | 5 | $ 12.48 | $ 499.20 | |
| 40 | GALAVIZ, RAMON | Shipping/ Rec. | 03/01/85 | 5 | $ 12.48 | $ 499.20 | |
| 41 | DIAZ, LUCAS | Shipping/ Rec. | 06/10/81 | 5 | $ 13.23 | $ 529.20 | $ 11,899.36 |

|  |  |
|---|---|
| Payroll Wages | $ 30,743.84 |
| Payroll taxes | $ 2,536.37 |
| **Total Payroll** | **$ 33,280.21** |

**Exhibit A**

**1**

Case 2:09-bk-10594-VZ   Doc 4   Filed 01/14/09   Entered 01/14/09 16:43:46   Desc
Main Document   Page 15 of 17

In re: **JACKSON CORPORATION**

Debtor(s).

CHAPTER 11

CASE NUMBER: LA 09-bk-10594-VZ

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Blvd. Suite 1000, Encino, California 91436

The foregoing document described **EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT RIVERA AND DOUGLAS M. NEISTAT IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On January 14, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 14, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

January 14, 2009

/Reece Holland

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

## SERVICE LIST

Office of the U.S. Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
**Via Fax: (213) 894-2603**

Judge Vincent P. Zurzolo
255 East Temple St.
Suite 1360
Los Angeles, CA 90012
**Via Overnight Mail**

**Attorneys for Secured Creditors**

First Federal Bank
12555 W. Jefferson Blvd.
3rd Floor
Los Angeles, Ca. 90066
Attn: Linda Shreeves
**Via Fax: 310-302-5601**

**Twenty Largest Unsecured Creditors**

Rochester Metal
PO Box 488
616 Indiana Ave.
Rochester, IN 46975
Fax: 626-810-8433
Phone: 626-810-8400

Com-Air Screw Machine Co.
11352 El Dorado Ave.
San Fernando, CA 91340
Fax: 818-361-8200
Phone: 818-361-0230

Gregg Industries
PO Box 689978
Milwaukee, WI 53268-9978
Fax: 626-575-3025
Phone: 626-575-7664

Jackson Corporation
3447 Union Pacific Avenue
Los Angeles, CA 90023
**Via Email**

(All Served Via Fax)

Aluminio de Baja California
PO Box 1399
Chula Vista, CA 91912-1399
Fax: 011-664-636-1450
Phone: 619-308-7839

Bank of America
Loeb & Loeb
10110 Santa Monica Blvd
Suite 2200
Los Angeles, CA 90067
Fax: 310-282-2200
Phone: 310-282-2000

Vinanco Engineering Co.
20952 Itasca
Chatsworth, CA 91311
Fax: 818-700-0549
Phone: 818-324-5533

124557.1 300795.0002

Glamour & Co., LTD
2FL. 58, Lane 46
Hsin Shen S. Rd
Sec. 2
Taipei, Taiwan ROC
Fax: 011-8862-2395-5486
Phone: 011-8862-2392-6026

First Bankcard
PO Box 2814
Omaha, NE 68103-2814
Phone: 800-819-4249

Hi Tech Mold Co. Inc.
21734 Marilla St.
Chatsworth, CA 91311
Fax: 818-772-7828
Phone: 818-772-6592

Cox Die Casting
1528 W, 178th St.
Gardena, CA 90248
Fax: 310-532-8588
Phone: 310-532-7544

Askew
2920 Supply Ave.
Los Angeles, CA 90040
Fax: 323-201-5227
Phone: 323-727-7772

Stonefield Josephson, Inc.
2049 Century Park East
Los Angeles, CA 90067
Fax: 310-453-1187
Phone: 310-453-9400

Best Way Stamping
14943 Desman Rd.
La Mirada, CA 90638
Fax: 714-994-2172
Phone: 714-994-1995

Peter Brown
The Old Church House
Alveley, Nr. Bridgnorth
Shrops WV15 6ND, UK

International Cargo West
12622 Yukon Ave.
2nd Floor
Hawthorne, CA 90250
Fax: 310-645-4484
Phone: 310-645-4481

Kent Landsberg
1900 W. University Dr.
Suite 101
Tempe, AZ 85281
Fax: 480-333-6661
Phone: 480-333-6720

Haas Factory Outlet
580 Madrid Ave.
Torrance, CA 90501
Fax: 310-381-0744
Phone: 310-381-0750

Southern California Metals
9900 Bell Ranch Dr.
Santa Fe Springs, CA 90670
Fax: 562-941-2709
Phone: 562-941-1616

Associated Builders Prod. Inc.
3963 Catalina Dr.
Marietta, GA 30066-2852
Fax: 770-517-8141
Phone: 770-517-8140

Epicor
18200 Von Karman
Suite 1000
Irvine, CA 92612
Fax: 949-585-4091
Phone: 949-585-4000

David & Helena Brown
20 Western Ave.
Halesowen
West Midlands B62 8QH, UK