DOUGLAS M. NEISTAT, ESQ. (State Bar No. 055961)
dneistat@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for
JACKSON CORPORATION, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JACKSON CORPORATION, a California corporation,<br><br>Debtor and Debtor in Possession. | Case No.: LA 09-10594-VZ<br><br>(Chapter 11)<br><br>**DEBTOR'S FIFTH SET OF OBJECTIONS TO CLAIMS; NOTICE OF HEARING THEREON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD LASKI**<br><br>[Claim Numbers: #1 – Wells Fargo Bank, NA; and #2 – Citibank (South Dakota) NA]<br><br>Date: November 10, 2009<br>Time: 11:00 a.m.<br>Ctrm: 1368 |

TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND AFFECTED CLAIMANTS:

PLEASE TAKE NOTICE that a hearing will be held on November 10, 2009, at 11:00 a.m., before the Honorable Vincent Zurzolo, United States Bankruptcy Judge for the Central District of California in her Courtroom "1368" located at 255 E. Temple St., Los Angeles, California 90012, to consider the Debtor's Fifth Set of Objections (the "Objections") filed by Jackson Corporation, the Debtor and Debtor-In-Possession in the above-referenced bankruptcy case (the

1

159708.1 300795.0002

"Debtor") to the proofs of claims filed by the following creditors, designated by the following Claim Numbers and for the following sums:

| Jackson Corp. Summary of Claims Objections (Case No. 2:09-bk-10594-VZ) | | | |
|---|---|---|---|
| Proof of Claim Number | Creditor Name | Filed Proof of Claim Amount | Filed Proof of Claim Type |
| 1 | Wells Fargo Bank, NA | $ 1,311.49 | Unsecured |
| 5 | Citibank (South Dakota) NA | $ 1,595.35 | Unsecured |

The specific grounds for the Objections and the identities of the claimants are set forth in detail in the attached Memorandum of Points and Authorities. **PLEASE READ THIS ENTIRE DOCUMENT CAREFULLY TO DETERMINE THE BASIS FOR THE DEBTOR'S OBJECTION TO YOUR CLAIM.**

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f) requires that any opposition to the Objections be filed with the Clerk of the Court and served upon counsel for the Debtor at the address set forth in the upper left-hand corner of the first page hereof not later than fourteen (14) days prior to the hearing date.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(h), the Court may deem the failure of a party in interest to file a timely response to the Objections to constitute consent to the granting by the Court of the relief requested by the Debtor in the Objections.

DATED: October 1, 2009

JACKSON CORPORATION

By: _____
Douglas M. Neistat
Greenberg & Bass
Attorneys for Debtor and
Debtor In Possession

159708.1  300795.0002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Background

Jackson Corporation, the Debtor and Debtor-In-Possession in the above-referenced bankruptcy case (the "Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 12, 2009 (the "Petition Date"). The Debtor continues to operate its business and manage its financial affairs. The Debtor maintains its corporate offices in Los Angeles, California, and remains engaged as an ISO (International Standards Organization) 9001 certified manufacturer of door hardware including access controls, exit devices, closers, lever trim, pivots, and accessories of the highest quality.

The Debtor has been working with key stakeholders (including the Creditors' Committee, the secured creditor First Federal Bank of California, and the equity holders) to prepare and file a consensual Plan of Reorganization. To date, the Debtor has shared with these stakeholders a detailed draft conceptual structure of the Plan including classes of creditors, estimated valuation of all claims, and financial projections used to fund the Plan for the life of the Plan.

As part of its ongoing business, the Debtor maintained, in the ordinary course of its business, books and records (the "Books and Records") that reflect among other things, the amounts the Debtor owes to its creditors. The Debtor used the Books and Records in the preparation of its Schedules of Assets and Liabilities and Statements of Financial Affairs.

### B. Claims.

The Court's order which established the last day by which creditors and interest holders could file proofs of claim and interest established May 29, 2009 (the "Bar Date") as the bar date for creditors and interest holders to file proof of claim and interest in this case.

In connection with analyzing the claims filed in this case, the Debtor obtained copies of all of the proofs of claim and interest filed in this case from the Clerk's Office of the United States Bankruptcy Court for the Central District of California—Los Angeles Division (the "Claims").

159708.1 300795.0002

Upon obtaining copies of the Claims, the Debtor analyzed all of the documentation filed by the respective putative creditors and interest holders in support of the Claims. Moreover, the Debtor reviewed its Books and Records and reconciled the Claims against the Books and Records of the Debtor. Based on the foregoing, the Debtor has determined that the following claims are not the liabilities of the Debtor and are therefore objectionable:

- Claim No. 1 – filed by Wells Fargo Bank, NA, on or about 1/22/09 ("Claim #1"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Richard Laski (the "Laski Declaration") annexed hereto.
- Claim No. 5 – filed by Citibank (South Dakota), NA, on or about 2/13/09 ("Claim #5"), a true and correct copy of which is attached as Exhibit "2" to the Declaration of Richard Laski (the "Laski Declaration") annexed hereto.

## II.

## DISCUSSION

While the filing of a proper proof of claim constitutes prima facie evidence of the validity of the claim (see 11 U.S.C. § 502(a)), once the objecting party submits sufficient evidence to place the claimant's entitlement at issue, the burden of going forward with the evidence to sustain the claim shifts to the claimant. *In re Ludnell*, 223 F.3d 1035, 1039 (9th Cir. 2000). The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). A claimant must establish by a preponderance of the evidence that its claim should be allowed. The burden of persuasion is on the claimant. *Lundell* at 1039 (ultimate burden of persuasion remains at all times upon the claimant); *In re MaFarlane*, 83 F.3d 1041, 1044 (9th Cir. 1996); *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 97 B.R. 420, 424 (Bankr. N.D. Ill. 1989) (claimant bears burden of persuasion by preponderance of evidence). The Bankruptcy Court has the power to "sift" the circumstances surrounding any claim to see that injustice or unfairness is not done in the administration of the bankruptcy estate. *Pepper vs Litton*, 308 U.S. 295, 304, 60 S.Ct. 244 (1939).

In *In re Circle J. Dairy, Inc.*, 112 Bankr. 297, 299-300 (W.D. Ark. 1989), the Court held that:

A claim to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:

1) be in writing;

2) make demand on the debtor's estate;

3) express the intent to hold the debtor liable for the debt;

4) be properly filed; and

5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The prima facie validity of the claim does not attach unless the claim is in compliance with the Federal Rules of Bankruptcy Procedure ("Rules"), including Rule 3001, and set(s) forth the facts necessary to support the claim. These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility. *Circle J. Diary*, 112 B.R. at 299-300.

### III.

### OBJECTIONS TO CLAIMS

**A.  Claim #1 filed by Wells Fargo Bank NA and Claim #5 filed by Citibank (South Dakota) NA against the Debtor's Bankruptcy Estate.**

On 1/22/09, Wells Fargo Bank, NA filed Claim #1 against the Debtor's bankruptcy estate, which asserts an unsecured claim in the amount of $1,311.49. This claim is for a credit card for a former employee named William LaSance, and the Debtor is not liable for this claim

On 2/13/09, Citibank (South Dakota), NA filed Claim #5 against the Debtor's bankruptcy estate, which asserts an unsecured claim in the amount of $1,595.35. This claim is for a credit card that is not a company credit card. Hence, the Debtor is not liable for this claim

The Debtor objects to Claim #1 and #5 in their entirety on the following grounds:

These claims are not the Debtor's credit cards, they are not the Debtor's liabilities, and therefore should be rejected in their entirety.

A true and correct copy of Claim Number #1 is attached to the Laski declaration as Exhibit "1", and a true and correct copy of Claim Number #5 is attached to the Laski declaration as Exhibit "2".

159708.1  300795.0002

## IV.
## RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement the Objections and to file additional objections to the Claims or any other Proofs of Claim (filed or not) that may be asserted against the Debtor. Should the grounds for the objections stated in this Objection be deemed insufficient, the Debtor reserves its right to object on any other grounds that the Debtor discovers during the time that this case is pending.

## V.
## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order sustaining the foregoing Objection and granting such other and further relief as the Court deems just and proper.

DATED: October 1, 2009

JACKSON CORPORATION

By: /s/ Douglas M. Neistat
Douglas M. Neistat
Greenberg & Bass
Attorneys for Debtor and Debtor-In-Possession

159708.1 300795.0002

# DECLARATION OF RICHARD LASKI

I, Richard Laski, declare as follows:

1. I am the Interim Chief Executive Officer of Jackson Corporation, Debtor and Debtor in Possession herein. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2. The Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 12, 2009 (the "Petition Date").

3. The Debtor maintains its corporate offices in Los Angeles, California, and remains engaged as an ISO (International Standards Organization) 9001 certified manufacturer of door hardware including access controls, exit devices, closers, lever trim, pivots, and accessories of the highest quality

4. The Debtor has been working with key stakeholders (including the Creditors' Committee, the secured creditor First Federal Bank of California, and the equity holders) to prepare and file a consensual Plan of Reorganization. To date, the Debtor has shared with these stakeholders a detailed draft conceptual structure of the Plan including classes of creditors, estimated valuation of all claims, and financial projections used to fund the Plan for the life of the Plan.

5. As part of its ongoing business, the Debtor maintained in the ordinary course of its business books and records (the "Books and Records") that reflect among other things, the amounts the Debtor owes to its creditors. The Debtor used the Books and Records in the preparation of its Schedules of Assets and Liabilities and Statements of Financial Affairs.

6. The Court's order which established the last day by which creditors and interest holders could file proofs of claims and interest established May 29, 2009 (the "Bar Date") as the bar date for creditors and interest holders to file proofs of claim and interest in this case.

7. In connection with analyzing the claims filed in this case, the Debtor's bankruptcy counsel obtained copies of all of the proofs of claim and interests filed in this case Los Angeles Division (the "Claims").

8. Upon obtaining copies of the Claims, I analyzed all of the documentation filed by the respective putative creditors in support of the Claims. Moreover, I reviewed the Debtor's Books and

159708.1  300795.0002

Records and reconciled the Claims against the Books and Records of the Debtor.

9. Based on the foregoing, I have determined that the following claims are objectionable as not being the Debtor's liabilities and should be rejected in their entirety for the reasons set forth in the Objection:

- Claim No. 1 – filed by Wells Fargo Bank, NA on or about 1/22/09 ("Claim #1"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Richard Laski (the "Laski Declaration") annexed hereto.
- Claim No. 5 – filed by Citibank (South Dakota), NA on or about 2/13/09 ("Claim #5"), a true and correct copy of which is attached as Exhibit "2" to the Declaration of Richard Laski (the "Laski Declaration") annexed hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of October, 2009, at Atlanta, Georgia

_____
Richard Laski

**EXHIBIT 1**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Jackson Corporation | Case Number:<br>09-10594 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Wells Fargo Bank, N.A. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Wells Fargo Bank, N.A.<br>MAC S4101-08C<br>100 W. Washington Street, Phoenix, AZ 85003<br><br>Telephone number:<br>(888) 715-4315 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Wells Fargo Bank, N.A.<br>MAC S4101-08C<br>100 W. Washington Street, Phoenix, AZ 85003<br><br>Telephone number:<br>(888) 715-4315 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $ 1,311.49<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
|---|---|
| 2. **Basis for Claim:** Money Loaned<br>    (See instruction #2 on reverse side.) | |
| 3. **Last four digits of any number by which creditor identifies debtor:**  5174<br><br>    3a. Debtor may have scheduled account as: _____<br>        (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. **Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____   **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $ 1,311.49 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **Date:**<br>01/22/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Alex Vu, Loan Servicing Specialist III | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 1, p. 1

```
                    S174
                         MASTER CARD BUSINESS CARD              01/22/09 14:20
LA SANCE,WILLIAM A                              -8111                   D/Z    95
JACKSON CORP                                    -3960       07-00          0002884
3447 UNION PACIFIC AVE                          -0000              08-02-95
                                                                13              011

LOS ANGELES
CA
                                    603322070
                                                                                000
              10000                             08-95                    07-98 0
              1311.49                           10.00                 08-06-03 A
              00000000                          08-13-98              01-20-09 738
              1311.49                           02-17-09                 11-23-99
       1311       571                           01-20-09                 07/03/98
                                                    00               4           6
       7777 7777 7777                       0  0  0                              0
              0.000                             0.000
              0.00                              0.00          8891     0300   0000
              0.00                              0.00                      0000000F
                                                                                 I

       0      000000000
       0000000000000000
```

**EXHIBIT 2**

| B10 (Official Form 10) (12/08) | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT** CENTRAL DISTRICT OF CALIFORNIA | | **PROOF OF CLAIM** |
| Name of Debtor: <br> JACKSON CORP | | Case Number: <br> 09-10594 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> Citibank (South Dakota) N.A. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: <br> Citibank (South Dakota) N.A. <br> DBA: <br> 4740 121st St. <br> Urbandale, IA 50323 <br> Telephone number: <br> 1-800-248-4284 | Court Claim Number: _____ <br> *(If known)* <br><br> Filed on: _____ |
| Name and address where payment should be sent (if different from above): <br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $ 1,595.35 | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim: Money Loaned <br> (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: 8664 <br><br> 3a. Debtor may have scheduled account as: _____ <br> (See instruction #3a on reverse side.) | |
| 4. **Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other <br> Describe: <br><br> Value of Property:$_____ Annual Interest Rate ___% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $_____ Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. <br><br> 7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)* <br><br> **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.** <br><br> If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). <br><br> **Amount entitled to priority:** <br><br> $_____ <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date: <br> 01-12-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> /s/BEVERLY BOZUNG | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 2, p. 1

# Citibank (South Dakota) N.A.

**Exception Payment Processing**
P.O. Box 6305
The Lakes, NV 88901-6305

## STATEMENT

### Account Holder
SS#: XXX-XX- 0000
Name: JACKSON CORP

### Bankruptcy Information
Case#: 09-10594
Court: CAC02
Chapter: 11
File Date: 01/12/2009
341A:

[Account Number]
8664

New Balance: $ 1,595.35

Available Credit: $0.00

[ENTER AMOUNT ENCLOSED]

INCLUDE YOUR ACCOUNT NUMBER ON CHECK AND MAKE PAYABLE TO:

**Citibank, N.A.**

| CARDMEMBER NAME | ACCOUNT NUMBER | CREDIT LINE | AVAILABLE CREDIT | STATEMENT DATE |
|---|---|---|---|---|
| JACKSON CORP | 8664 | $0.00 | $0.00 | 01/27/2009 |

| DATE | DECRIPTION OF TRANSACTION | AMOUNT |
|---|---|---|
| | TOTAL: | $ 1,595.35 |

## STATEMENT SUMMARY

Exhibit 2, p. 2

| In re: **JACKSON CORPORATION** | **CHAPTER** 11 |
|---|---|
| Debtor(s). | **CASE NUMBER:** LA 09-bk-10594-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16000 Ventura Blvd. Suite 1000, Encino, California 91436

The foregoing document described **DEBTOR'S FIFTH SET OF OBJECTIONS TO CLAIMS; NOTICE OF HEARING THEREON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD LASKI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 1, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On October 1, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 1, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 1, 2009

Reece Holland

# SERVICE LIST

Office of the U.S. Trustee
Attn: Dare Law, Esq.
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
Fax: (213) 894-2603

**Attorneys for Committee**
Scott C Clarkson, Esq.
Christine M. Fitzgerald, Esq.
Clarkson, Gore & Marsella, APLC
3424 Carson St Ste 350
Torrance, CA 90503

Wells Fargo Bank, N.A.
MAC S4101-08C
100West Washington Street
Phoenix, Arizona 85003

Judge Vincent P. Zurzolo
255 East Temple St.
Suite 1360
Los Angeles, CA 90012
**Via Overnight Mail**

**Request for Special Ntc.**
Kathryn J. Halford, Esq.
Dana K. Kann, Esq.
Wohlner, Kaplon, Phillips Young & Cutter APC
15456 Ventura Blvd., Ste. 500
Sherman Oaks, CA 91403

Citibank (South Dakota) N.A.
DBA:
4740 121st Street
Urbandale, IA 50323

159713.1 300795.0002