1  DOUGLAS M. NEISTAT, ESQ. (State Bar No. 055961)
   dneistat@greenbass.com
2  GREENBERG & BASS LLP
   16000 Ventura Boulevard, Suite 1000
3  Encino, California 91436
   Tel:  (818) 382-6200 • Fax: (818) 986-6534
4
   Attorneys for Debtor and Debtor in Possession
5  JACKSON CORPORATION, Debtor and Debtor in Possession

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 | In re                          | Case No.: LA 09-10594-VZ |
12 | JACKSON CORPORATION, a California | (Chapter 11) |
   | corporation,                    |  |
13 |                                 | **REPLY TO OBJECTIONS AND** |
   |              Debtor and Debtor in Possession. | **COMMENTS OF OFFICIAL** |
14 |                                 | **COMMITTEE OF UNSECURED** |
   |                                 | **CREDITORS TO THE DEBTOR'S** |
15 |                                 | **MOTION TO SELL ASSETS FREE AND** |
   |                                 | **CLEAR OF LIENS; DECLARATION OF** |
16 |                                 | **RICHARD LASKI IN SUPPORT** |
   |                                 | **THEREOF** |
17

18                                    Date:      April 6, 2010
                                      Time:      11:00 a.m.
19                                    Ctrm:      1368
                                                 255 E. Temple St.
20                                                Los Angeles, CA  90012

21

22       TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY

23 JUDGE AND TO ALL INTERESTED PARTIES:

24       Jackson Corporation, Debtor and Debtor in Possession hereby replies to the objections filed

25 by the Official Committee of Unsecured Creditors (the "Committee") to the Debtor's Motion to Sell

26 Assets Free and Clear of Liens.

27       The Committee's objection to the sale of assets is in two parts:

28       First, it claims that its financial advisor hasn't been paid, and Second, that the Committee has

210378.1  30795.0002

1  somehow been prejudiced in that "non-payment has chilled the Committee from requesting Prolman

2  Associates to perform any further services . . ."

3      The Debtor responds as follows:

4      First, the fees awarded to Prolman Associates ("Prolman"), by Court order entered on

5  February 19, 2010, have been paid.  (See Declaration of Richard Laski, ["Laski Declaration"]

6  attached hereto).

7      Second, the employment of Prolman was approved by the Court on October 20, 2009, almost

8  five (5) months ago.  The Debtor has been in dialogue with the Committee regarding the potential

9  sale of assets for at least that long or longer.  The sale of assets has been at all times, a possibility

10  that commenced while attempting to employ Horwath Corporate Finance as business brokers on

11  February 10, 2009, which was objected to by the Committee on February 25, 2009.

12      The opposition fails to articulate the value which Prolman could add in identifying potential

13  buyers, fails to demonstrate the background, knowledge or skill Prolman could bring to the table as

14  investment bankers and completely fails to explain how a short delay in the payment of Prolman's

15  fees has "chilled' the Committee's ability to proceed.

16  Specific Objections

17      The Committee argues that the Debtor fails to comply with Local Bankruptcy Rule ("LBR")

18  6004-1(a)(2)(A) by not submitting declarations of the movant establishing the value of the property

19  being sold.  Based on the Local Bankruptcy Rules, effective January 4. 2010, there is no LBR 6004-

20  1(a)(2)(A); however, there is LBR 6004(c)(2)(A), which states:

21          "A motion for an order authorizing the sale of estate

22          property, other than in the ordinary course of business,

23          must be supported by the declaration of the movant

24          establishing the value of the property and that the terms

25          and conditions of the proposed sale, including the price

26          and all contingencies, are in the best interest of the

27          estate."

28

1    The Debtor submits that the declaration of Richard Laski meets the requirement of this Rule.

2    Marketing efforts are detailed by Mr. Laski, who concludes, "it is my opinion that the sale

3    procedures proposed as set forth in the motion are a reasonable means of ensuring that the sale of the

4    assets will generate competitive bidding and, ultimately, the highest and best returns to the estate."

5

6    It is further submitted that the value of the property will be determined in the precise manner

7    required by the Code and Rules, in that a competitive bid environment has been created, with

8    multiple parties expected to bid.

9    The Debtor affirms that the sale is in the best interest of the estate in Section V, Paragraph B

10   of its Memorandum of Points and Authorities.

11   The Committee objects to the Debtor not identifying the estimated tax consequences to the

12   estate, if known, and how any tax consequences by the sale of the property will be paid.   The

13   Committee erroneously relies on LBR 6004-1(3)(J).  The correct reference is LBR 6004-1(c)(3)(1).

14   The obvious exception to this rule is the words "if known."  No accountants have been

15   employed to date as professionals in this case.  The tax consequences of a sale cannot be commented

16   upon at this time because they are not known.

17   The Committee erroneously refers to LBR 6007-1(f), governing Publication of notice of Sale

18   of Estate Property.  The correct reference is LBR 6004-1(f).

19   The Debtor admits to this deficiency and has made an effort to correct it by filing the

20   requested Notice, a copy of which is attached hereto as Exhibit "A."

21   The Committee, at Paragraph 2, objects to the sale based on not having the "particulars" of

22   RB Capital "in detail."  In the Laski Declaration, attached hereto, neither RB Capital nor any of its

23   principals, shareholders, officers, directors or employees are insiders of the Debtor.  On an all-cash

24   basis with the purchaser acquiring the assets "as is, where is," the Debtor fails to understand how or

25   what additional "particulars" are needed.

26   The Committee objects to the sale based on the need to know what arrangements have been

27   made with insiders of the Debtor with respect to future employment, profit sharing, joint ownership

28   or severance.  As the Laski Declaration reveals, RB Capital is retaining the employee base of the

1   company on terms equal to those presently in place.

2       The Committee objects to the sale based on vagueness of the contracts described as being

3   assumed.   The Debtor submits that as long as the purchaser is aware of its responsibilities and

4   burdens associated with assumption, then this is sufficient description.

5       The Committee's final point of objection makes little sense.   The Debtor, in its Status

6   Reports, filed with this Court and based on its Monthly Operating Reports, demonstrates declining

7   sales in a very troubled economy.   If the case converts to one under Chapter 7, bad results can

8   reasonably be anticipated.   Given the bank's secured position, it is likely that unsecured creditors

9   would receive nothing.   The best hope for any level of recovery at this stage is an orderly liquidation

10  of assets conducted in a competitive bidding environment.   To suggest otherwise is naïve.

11      On this basis, the Debtor requests the Committee's objections each be overruled and that the

12  sale proceed as noticed.

13  DATED: March 30, 2010                GREENBERG & BASS LLP

14

15  By: _____
                                    DOUGLAS M. NEISTAT
16                                  Attorneys for Jackson Corporation
                                    Debtor and Debtor-In-Possession

17

18

19

20

21

22

23

24

25

26

27

28

210378.1  30795.0002

1

## DECLARATION OF RICHARD LASKI

2      I, RICHARD LASKI, declare as follows:

3          1.     I am the Interim CEO of Jackson Corporation, a California corporation, the Debtor

4  and Debtor in Possession herein ("Debtor").

5          2.     All statements in this declaration are based on my personal knowledge, my review of

6  relevant documents or my opinion based upon my experience and knowledge of the negotiations and

7  transactions relating to the proposed sale of substantially all of the assets of the Debtor. If I were

8  called upon to testify, I could and would testify to each of the facts set forth herein based on such

9  personal knowledge, review of the documents or opinion.

10         3.     The fees awarded to Prolman Associates ("Prolman"), by Court order entered on

11  February 19, 2010, have been paid.

12         4.     Neither RB Capital nor any of its principals, shareholders, officers, directors or

13  employees are insiders of the Debtor.

14         5.     RB Capital is retaining the employee base of the company on terms equal to those

15  presently in place.

16      I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.

18      Executed this 30TH day of March, 2010 at  LOS ANGELES , California.



Richard Laski
Declarant

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Douglas M. Neistat (SBN 55961)<br>Greenberg & Bass LLP<br>16000 Ventura Blvd., Ste. 1000<br>Encino, CA 91436<br><br>(818) 382-6200            (818) 986-6534 | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Jackson Corporation<br><br><br><br>Debtor(s). | CASE NO.:<br><br>2:09-bk-10594-VZ |
|---|---|

## SECOND AMENDED NOTICE OF SALE OF ESTATE PROPERTY

| **Sale Date:** April 6, 2010 | **Time:** 11:00 |
|---|---|
| **Location:** 255 E. Temple St., Courtroom 1368, Los Angeles, CA 90012 | |

Type of Sale:    [x] Public      [ ] Private         Last date to file objections:
                                                      April 6, 2010, up to the time of hearing

Description of Property to be Sold:  Substantially all of the assets of Debtor excluding the following assets of
Debtor which are subject to the liens of certain of Debtor's secured creditors: all cash, all accounts receivable,
and certain vehicles and items of equipment all as more particularly described in the Purchase Agreement.

Terms and Conditions of Sale:  "as is", "where is" and "with all faults" condition, except that such Assets shall be
free and clear of all liens, claims and encumbrances of any nature whatsoever under 11 U.S.C. §363(f) of the
Bankruptcy Code, including, without limitation, the claims of creditors of Debtor.

Proposed Sale Price:  $510,000.00, subject to adjustment to reflect the amount, if any, that the value of the net inventory that is part of the Assets is less than
$510,000.00

Overbid Procedure (If Any): See attached bidding procedures

If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:

Contact Person for Potential Bidders (include name, address, telephone, fax and/or e:mail address):

                    Richard Laski
                    Wilshire Partners of CA, LLC
                    RLaski@WilshireLLC.com
                    (716) 868-8483

Date: March 30, 2010

## Bidding Procedures

The Agreement is subject to higher and better offers in order to ensure that Seller receives the maximum value for the Purchased Assets. At the Sale Hearing, the Purchased Assets may be sold to a single purchaser who has submitted a bid in accordance with the below described proposed procedures (subject to Court approval of these bidding procedures):

1.     Any overbid by a qualifying bidder ("Qualifying Bidder") shall exceed the Initial Bid of $510,000.00 submitted by Counsel RB Capital, LLC, a California corporation ("Counsel RB Capital"), by $65,000.00.

2.     All Qualified Bidders shall submit their initial overbid in writing, setting forth the terms and conditions of the offer that are at least as favorable to Seller as those set forth in the Agreement, including the provision that any buyer is purchasing the Purchased Assets "as is", "where is", and "with all faults".

3.     Any Qualifying Bidder must be financially qualified, in Seller's exercise of its sound business judgment, to timely close the sale.

4.     Each initial overbid must be accompanied by a minimum deposit of ten percent (10%) of the amount of the proposed overbid which shall be in the form of cashier's check made payable to "Greenberg & Bass LLP, Attorney Client Trust Account", which deposit shall be non-refundable if the overbid is deemed to be the Successful Bid as defined below.

5.     The written initial overbid, deposit and evidence of financial qualification must be received by counsel for Debtor at least forty-eight (48) hours prior to the Sale Hearing; provided if this would make such deadline fall on a Saturday, Sunday or Holiday, the initial overbid, deposit and evidence of financial qualification must be received not later than close of business on the last business day prior to such Saturday, Sunday or Holiday.

6.     At the Sale Hearing, Counsel RB Capital and any party who is deemed a Qualifying Bidder shall be entitled to bid.

7.     Any incremental bid in the bidding process shall be at least $25,000.00 higher than the prior bid.

## Bidding Procedures

8.      Overbids shall be all cash and no credit shall be give to Counsel RB Capital or overbidder(s).

9.      Any overbid shall be subject to a right of last refusal in favor of Counsel RB Capital, which right of last refusal shall give Counsel RB Capital the right to match any higher offer submitted by way of overbid at or before the Sale Hearing and thereby acquire the Purchased Assets. The right of last refusal shall expire at the conclusion of the Sale Hearing.

10.     Opportunity will be provided at the Sale Hearing for oral overbids, subject to the terms and conditions set forth herein, by any person or entity which has previously submitted a written overbid and deposit pursuant to paragraphs (1) through (5) above. However, any such oral overbids must be submitted in increments of $25,000.00.

11.     At the Sale Hearing, and upon the conclusion of the bidding process, Seller shall decide which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid". The bidder who is accepted by Seller as the successful bidder (the "Successful Bidder") must pay all amounts reflected in the Successful Bid in cash at the closing of the sale. Seller shall proceed to consummate the sale of the Purchased Assets in accordance with the Successful Bid, without further notice to creditors or hearing before the Court.

12.     At the Sale Hearing, and upon conclusion of the bidding process, Seller may also acknowledge a back-up bidder (the "Back-Up Bidder") which shall be the bidder with the next best bid. Should the Successful Bidder fail to close escrow on the Purchased Assets, Seller may sell the Purchased Assets to the Back-Up Bidder without further court order.

| In re: JACKSON CORPORATION | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER: 09-bk-10594-VZ |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Blvd. Suite 1000, Encino, California 91436

The foregoing document described **REPLY OF JACKSON CORPORATION TO OBJECTIONS AND COMMENTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE FIRST AMENDED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR JACKSON CORPORATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 30, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**ATTORNEY FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**
sclarkson@lawcgm.com
cfitzgerald@lawcgm.com

**ALSO SERVED ON:**
Elaine T. Fuller         Elaine.t.fuller@irscounsel.treas.gov
Dare Law              dare.law@usdoj.gov
Randall P. Mroczynski   randym@cookseylaw.com
Queenie K. Ng         queenie.k.ng@usdoj.gov
OUST (LA)             ustpregion16.la.ecf@usdoj.gov
Christopher R. Nelson   cnelson@erlaw.com
David A. Prolman        dprolman@prolman.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On March 30, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 30, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 30, 2010 | Reece Holland | *[signature]* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                    F 9013-3.1

## SERVICE LIST

Judge Vincent P. Zurzolo
255 East Temple St.
Suite 1360
Los Angeles, CA 90012
**Via Overnight Mail Only**

Jackson Corporation
3447 Union Pacific Ave.
Los Angeles, CA 90023
**Via U.S. Mail Only**

Roger Sanderson,
Committee Chair
International Cargo West
555 East Ocean Blvd,
Suite 220
Long Beach, 90802
**Via U.S. Mail Only**

127010.1 30795.0002